UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

WILLIAM LLOYD HOLTZCLAW, )
　　　　　　　　　　　　　　　 )
　　　Plaintiff, 　　　　　　　　)
　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　 )　　CV418-144
MR. MILTON, *et al.*　　　　　　 )
　　　　　　　　　　　　　　　 )
　　　Defendants.　　　　　　　 )

## ORDER

Proceeding *pro se* and *in forma pauperis* (IFP), William Lloyd Holtzclaw's Complaint for violations of the Eight Amendment and Americans with Disabilities Act (ADA) was greenlit for service on prison staff. Docs. 9 & 11. He now seeks to amend his Complaint to add two fellow wheelchair-bound prisoners as plaintiffs, perhaps contemplating a class action of sorts. Doc. 12. The plain language of the Prison Reform Litigation Act (PLRA) requires that each prisoner proceeding *in forma papueris* (IFP) pay the full filing fee. In other words, in a multi-plaintiff action each individual prisoner plaintiff must pay to play or face dismissal. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) ("the

PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal [IFP], the prisoner shall be required to pay the full amount of the filing fee'")). This "modest monetary outlay" forces prisoners to "think twice about the case and not just file reflexively." *Id.* at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1005) (statement of Sen. Kyl)).

As incarcerated prisoners, these additional potential plaintiffs must abide the PLRA's requirements by being *solely* responsible for their own filing fees, if they wish to proceed either in an individual action or together as co-plaintiffs[1] in this action.[2] 28 U.S.C. § 1915(b)(1); Pub. L.

---

[1] Both Jonnie Doyle Downer, Jr., and Rodolfo Eduardo Perez are cautioned that Hotzclaw, lead plaintiff in the case, cannot represent his fellow inmates in a class action without the assistance of counsel. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of portion of prisoner's complaint seeking relief on behalf of fellow inmates); *Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of a class action brought by a pro se litigant proceeding IFP).

[2] Downer and Perez are further cautioned that, even if they timely submit the required forms, their complaint may not survive screening under 28 U.S.C.§ 1915A. They cannot travel under Holtzclaw's allegations, as those are individual to *him*. They must individually allege facts supporting their own Eighth Amendment and ADA claims, *and* they must individually allege facts demonstrating that they have fully exhausted all available administrative remedies prior to challenging "prison conditions" in a civil action. 42 U.S.C. § 1997e; *see* 18 U.S.C. § 3626(g)(2) (all prisoner civil rights actions filed after April 26, 1996 are subject to dismissal if the prisoner has not exhausted the available administrative remedies with respect to each claim asserted). Even if the complaint is dismissed for failure to exhaust, the prisoners will still each be individually responsible for payment of their full filing fee.

No. 104-134, 110 Stat. 1321 (requiring all prisoners, even those who are allowed to proceed in forma pauperis, to pay the full filing fee of $350.00). Because permitting these additional, potential plaintiffs to come into the case has such significant repercussions, the Court will give Holtzclaw, Perez, and Downer the opportunity, individually, to consider whether they wish to proceed. Should Downer and Perez decline to subject themselves to the requirements of PLRA to file their own complaints and pay their own filing fees, Holtzclaw may request to withdraw his motion to amend within 21 days of service of this Order. If no response is received within 21 days, the Court will assume that they do not wish to proceed, and will dismiss Holtzclaw's motion as moot. If, however, Perez and Downer wish to proceed, they must affirmatively state their intention and return the attached § 1983 Complaint forms

---

Finally, PLRA mandates that prisoners cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has on three or more prior occasions, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief may be granted. The only exception to this "three strikes" rule is if the prisoner is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Meaning, this action may well count as one strike.

and mandatory IFP forms.[3]

**SO ORDERED**, this  20th   day of December, 2018.

_/s/ J. E. Graham_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The Clerk is **DIRECTED** to enclose two copies of each form with service of this Order.