IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

```
WILLIAM LLOYD HOLTZCLAW,       )
                               )
     Plaintiff,                )
                               )
v.                             )    CASE NO. CV418-144
                               )
MR. MILTON, Medical Director   )
Administrator, in his          )
Individual and Official        )
Capacities; and MR. CIRONE,    )
Maintenance Department Head;   )
                               )
     Defendants.               )
                               )
```

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 46), to which Plaintiff has filed objections (Doc. 53). In the report and recommendation, the Magistrate Judge recommends that Defendants' Motion for Summary Judgment (Doc. 36) be granted. (Doc. 46 at 2.) After a careful de novo review of the record in this case, the Court overrules Plaintiff's objections and concurs with the report and recommendation. Accordingly, the report and recommendation is **ADOPTED** as the Court's opinion in this case and Plaintiff's claims are **DISMISSED** as **UNEXHAUSTED**. The Court will briefly address Plaintiff's objections.

In his objections, Plaintiff argues that his failure to exhaust administrative remedies prior to filing his complaint

should be excused because the remedies are unavailable to him. (Doc. 53.) Specifically, Plaintiff asserts that the administrative remedies at Coastal State Prison are unavailable because Warden Morales does not respond to prisoners' grievances as required by the grievance procedures. (Doc. 53 at 2.) To support this assertion, Plaintiff provides statements from several prisoners alleging that Warden Morales did not respond to their grievances. (Doc. 53, Attach. 1.)

Plaintiff is correct that under Ross an administrative remedy, "although officially on the books," can be rendered unavailable where the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." Ross v. Blake, __ U.S. __, 136 S. Ct. 1850, 1859, 195 L. Ed. 2d 117 (2016). Plaintiff argues that because Warden Morales is consistently unwilling to respond to grievances the administrative remedy is unavailable. (Doc. 53.) Plaintiff, however, did receive a response from Warden Morales to his grievance on August 7, 2018. (Doc. 36, Attach. 13 at 2.) In fact, Plaintiff appealed Warden Morales' denial of his grievance on August 13, 2018. (Doc. 36, Attach. 13 at 1.) Yet, Plaintiff filed his initial complaint in this Court on June 4, 2018—approximately two months before he filed an

2

appeal. (Doc. 1.) Accordingly, the administrative remedy was available to Plaintiff, however, Plaintiff chose to file his complaint in this Court prior to completing the prison's grievance process. Because Plaintiff filed his initial complaint before he appealed his grievance, Plaintiff failed to exhaust his available administrative remedies. <u>Smith v. Terry</u>, 491 F. App'x 81, 84 (11th Cir. 2012). As a result, Plaintiff's claims are **DISMISSED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED this 28th day of April 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA